IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



BOARD OF TRUSTEES, )
SHEET METAL WORKERS' )
NATIONAL PENSION FUND, )
 )
    Plaintiff, ) Civil Action No. 1:10cv1131 (TSE/JFA)
 )
v. )
 )
WILLIAMS AIR CONDITIONING )
& HEATING, INC., )
 )
    Defendant. )
_____ )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 8). Plaintiff is the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("National Pension Fund") and it seeks a default judgment against defendant Williams Air Conditioning & Heating, Inc. ("Williams"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On October 8, 2010, the National Pension Fund filed this action alleging that Williams is obligated to pay the National Pension Fund $25,292.41 for withdrawal liability and seeking an award for liquidated damages, interest, attorney's fees and costs. (Docket no. 1). A summons was issued on October 8, 2010 (Docket no. 3) and the summons and complaint were served on the vice president of Williams by personal service on October 14, 2010 (Docket no. 4). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on November 4, 2010,

which is 21 days after Williams was served with the summons and complaint. Williams failed to file a responsive pleading and on November 22, 2010, the National Pension Fund filed its request for entry of default. (Docket no. 6). The Clerk entered default against Williams pursuant to Fed. R. Civ. P. 55(a) on November 22, 2010. (Docket no. 7).

On December 7, 2010, the National Pension Fund filed a motion for default judgment, a memorandum in support, declarations from Alex Dyer and Marc Rifkind, and a notice of hearing for December 17, 2010 at 10:00 a.m. (Docket nos. 8-12). The motion for default judgment, supporting memorandum, declarations and notice were served on the defendant by first class mail on December 7, 2010. (Docket nos. 8-12). On December 17, 2010 counsel for the National Pension Fund appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant.

## Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl."), the memorandum in support of the motion for default judgment and the declarations filed in support of the motion for default judgment (Docket nos. 9-11).

The National Pension Fund is comprised of individual trustees who are fiduciaries of a multi-employer benefit plan as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(37) and 1301(a)(3). (Compl. ¶¶ 3, 4). The National Pension Fund is administered in Alexandria, Virginia. (Compl. ¶ 6). Williams is an Illinois corporation with its principal place of business in Murphysboro, Illinois and was an employer in an industry affecting commerce as defined by 29 U.S.C. §§ 1002(5), (11) and (12). (Compl. ¶¶ 7, 8).

2

The National Pension Fund brings this action under ERISA, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"), seeking a judgment awarding withdrawal liability as a result of an employer's withdrawal from the Sheet Metal Workers' National Pension Fund. (Compl. ¶ 1). Until the date of its withdrawal from the National Pension Fund on or about May 1, 2009, Williams employed employees represented for the purposes of collective bargaining by Sheet Metal Workers' International Association Local Union No. 268 ("Local Union No. 268"). (Compl. ¶ 10). Williams was a signatory to and bound by a Collective Bargaining Agreement ("Agreement") with Local Union No. 268 which required Williams to make contributions to the National Pension Fund on behalf of its employees who were covered by the Agreement. (Compl. ¶ 11). The Agreement obligated Williams to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the National Pension Fund and to submit monthly reports and payments. (Compl. ¶ 11). The National Pension Fund determined that on or about May 1, 2009 Williams effected a "complete withdrawal" from the National Pension Fund as defined in 29 U.S.C. § 1383. (Compl. ¶ 12).

The National Pension Fund calculated Williams' withdrawal liability to be $30,637.57 pursuant to 29 U.S.C. § 1381(b). (Compl. ¶ 13). On or about November 2, 2009 Williams received a notice and demand for payment of withdrawal liability in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). (Compl. ¶ 14). This notice and demand informed Williams that its withdrawal liability was $30,637.57 payable in five quarterly payments of $5,345.15 and a final payment of $4,606.09 with a first quarterly payment due on or before November 28, 2009. (Compl. ¶ 15). On July 19, 2010 Williams received a letter notifying Williams that it was delinquent in making its second quarterly liability payment and that it had 60 days to cure the

3

delinquency or it would be in default within the meaning of 29 U.S.C. § 1399(c)(5). (Compl. ¶ 16). In addition to not making the second, third, fourth and final quarterly payments for liability withdrawal, Williams has not requested plan sponsor review of the withdrawal liability assessment or initiated arbitration of the withdrawal liability assessment, and the time period for doing so under 29 U.S.C. §§ 1399(b)(2)(A) and 1401(a)(1) has expired. (Compl. ¶¶ 17-19).

The National Pension Fund alleges that 29 U.S.C. § 1451(b) provides that failure to make any withdrawal liability payment within the time prescribed shall be treated as a delinquent contribution under 29 U.S.C. § 1145. (Compl. ¶ 20). Pursuant to 29 U.S.C. § 1132(g)(2), the National Pension Fund claims that it is entitled to a judgment against Williams awarding: (1) the full amount for the remaining withdrawal liability; (2) liquidated damages; (3) interest; and (4) the reasonable attorney's fees and costs incurred in this action. (Compl. ¶ 22).

In the motion for default judgment, the National Pension Fund states that it is owed the amounts as detailed below.

| *Plaintiff* | *Withdrawal Liability* | *Liquidated Damages* | *Interest through 12/17/2010* |
|---|---|---|---|
| National Pension Fund | $25,292.42 | $5,058.48 | $1,785.80 |

| *Attorney's Fees* | *Costs* |
|---|---|
| $1,197.00 | $702.38 |

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

4

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

The National Pension Fund alleges that this court has subject matter jurisdiction under Section 502 of ERISA, 29 U.S.C. § 1132. ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) since it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multi-employer plan.

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The National Pension Fund states that it is administered in Alexandria, Virginia. (Compl. ¶ 6). On October 14, 2010 the summons and complaint were served on Guy Humprhey, Vice President of defendant Williams. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over the defendants since the National Pension Fund is administered within the Alexandria Division of

5

the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendants and that venue is proper in this court.

### Grounds for Entry of Default

The complaint was served in person on Guy Humprhey, the vice president of Williams, on October 14, 2010. (Docket no. 4). Under Fed. R. Civ. P. 12(a), a responsive pleading was due within twenty-one days after the complaint had been served on the defendant. After the defendant failed to file an answer or responsive pleading in a timely manner, the National Pension Fund requested an entry of default on November 22, 2010. (Docket no. 6). The Clerk of the Court entered a default on November 22, 2010. (Docket no. 7).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to the defendant.

### Liability and Measure of Damages

According to Rule 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive

pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, Williams effected a complete withdrawal pursuant to 29 U.S.C. § 1383(b)(2) and was subject to withdrawal liability in the total amount of $30,637.57. (Comp. ¶¶ 12, 13). Williams has failed to make the second, third, and fourth quarterly payments and the final payment pursuant to the payment schedule provided by the National Pension Fund. (Compl. ¶ 17). As set forth in 29 U.S.C. § 1451, the failure of an employer to make a withdrawal liability payment is to be treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of -

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted a declaration from Alex Dyer. (Docket no. 10) ("Dyer Decl."). In addition to the declaration from Mr. Dyer, the National Pension Fund submitted a declaration from Marc Rifkind detailing the attorney's fees and costs incurred in this action. (Docket no. 11) ("Rifkind Decl.").

The information contained in the declaration of Mr. Dyer submitted on behalf of the National Pension Fund establishes that Williams incurred withdrawal liability to the National Pension Fund in the amount of $30,637.57. (Dyer Decl. ¶ 8). Williams failed to pay the second quarterly payment and has failed to cure its default after receiving notice and an opportunity to cure. (Dyer Decl. ¶¶ 9-13, Exs. C, D). The declaration also establishes that the National Pension Fund is owed liquidated damages in the amount of $5,058.48 (calculated at 20% of the contributions that were not paid in a timely manner). (Dyer Decl. ¶ 13). Mr. Dyer calculated the interest due on the withdrawal liability using the rate provided in the Agreement of 0.0233% per day, compounded daily, from the date the payment was due through December 17, 2010 as $1,785.80. *Id.*

In addition, the declaration of Mr. Rifkind details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. The total amount of the attorney's fees incurred was $1,197 for 2.6 hours of attorney time and 4.2 hours of legal assistant time and the amount of costs was $702.38 for the filing fees, service fees, courier and UPS fees, research, and photocopying. (Rifkind Decl. ¶¶ 5, 6, Ex. 1). The hourly rates charged for the attorney time ranged from $240.00 to $270.00 and the hourly rate for the legal assistant was $135.00. (Rifkind Decl. ¶ 5). The undersigned magistrate judge has reviewed the declaration of Mr.

Rifkind and recommends that the court find that the amount requested for attorney's fees and costs by the National Pension Fund is reasonable.[1]

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of the Board of Trustees, Sheet Metal Workers' National Pension Fund against the defendant Williams Air Conditioning & Heating, Inc. in the amounts shown below, with interest accruing from the date of judgment until paid:

| Withdrawal Liability | $25,292.42 |
|---|---|
| Liquidated Damages | $5,058.48 |
| Accrued Interest | $1,785.80 |
| Attorney's Fees | $1,197.00 |
| Costs | $702.38 |
| ***Total*** | **$34,036.08** |

---

[1] The Rifkind declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. However, since the defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by the National Pension Fund concerning the reasonableness of these fees as true. The total amount of the fees and costs requested are consistent with fees and costs incurred and awarded by this court in similar cases.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Williams Air Conditioning & Heating, Inc., 22 Murdale Gardens Road, Murphysboro, Illinois 62966, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 21st day of December 2010.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia